IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOE HOWARD**     **PLAINTIFF**

**v.**     **No. 3:08CV18-M-A**

**EUPORA FAMILY MEDICAL CLINIC**     **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Joe Howard, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff has been convicted of two counts of sexual assault. He has attempted to obtain his medical records and those of the victims of sexual assault from the defendant medical clinic. The medical clinic has provided neither to the plaintiff.

### No State Actor

In order to recover for a claim filed under 42 U.S.C. § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200 (5th Cir. 1996). A plaintiff may satisfy the requirement that a defendant act "under color of state law" by proving that the conduct causing the deprivation is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). Fair attribution of a defendant's

action to the state requires: (1) that the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, *and* (2) that the party charged with the deprivation may be fairly described as a state actor. *Id.* at 937, 102 S.Ct. at 2753-54. The sole defendant in this case is a private medical clinic, which is simply not a state actor. As such, the instant case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of March, 2008.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**